900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
L. Paul DIEFFENBACH, Jr., individually and in the capacity
of defendant in Cecil County Circuit Court Civil
Action No. 87-234E, Plaintiff-Appellant,
v.
Donaldson C. COLE, Jr., in the capacity of presiding judge
in Cecil County Circuit Court Civil Action 87-234E; Frank
C. Sherrard, individually and in the capacity of plaintiff
in Cecil County Circuit Court Civil Action No. 87-234E;
Herbert Montgomery, individually and in the capacity of
plaintiff in Cecil County Circuit Court Civil Action No.
87-234E, defendants jointly and severally, Defendants-Appellees.
 No. 89-1771.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1990.
Decided March 8, 1990.
Rehearing and Rehearing In Banc Denied April 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 89-269-PN).
 L. Paul Dieffenbach, Jr., appellant pro se.
 Omar Vincent Melehy, Ralph S. Tyler, Office of the Attorney General of Maryland; Edwin B. Fockler, III; Richard Douglas Bennett, Weaver, Bendos & Bennett; Joseph J. Mahoney for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 L. Paul Dieffenbach appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint and its denial of his motion to reconsider. Dieffenbach alleged that he was denied due process in a foreclosure proceeding on property he had purchased, that one of the Maryland foreclosure rules violates the Fourteenth Amendment and that for these reasons the current owner does not have title to the property. Dieffenbach seeks damages from two of his adversaries in the foreclosure proceeding and further seeks a declaratory judgment which would, in effect, overrule the state court. The proper method of challenging rulings or actions by the state court is, however, by appeal within the state system, and ultimately by petition to the United States Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). To the extent Dieffenbach raises a facial challenge to the Maryland foreclosure rule, it is without merit.
 
 
 2
 Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED